IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM RODNEY JONES, )
)
    Plaintiff, )
)
v. ) CIVIL ACT. NO. 2:17cv109-WKW-TFM
)
ATTORNEY DAVID LAW, *et al.*, )
)
    Defendants. )

## RECOMMENDATION of the MAGISTRATE JUDGE

Upon consideration of the Motion for Leave to Proceed in Forma Pauperis filed by the plaintiff, it is

ORDERED that the Motion be and is hereby GRANTED.

On February 23, 2017, Plaintiff William Rodney Jones ("Jones") filed a complaint against the Coosa County Probate Court, Attorney David Law; Scotty Frank Jones, Renee Murphy Wright ("Ms. Wright" or "Ms. Murphy"), and "Karen Channell/State Farm Insurance Company and their Underwriters for the bond of William Howard Jones Estate." Doc. 1, Pl's Comp, p. 1. Upon conducting a review of the Complaint, the court questioned its jurisdiction over this matter and determined that Jones failed to state any viable claims against the defendants. The court therefore gave Jones an opportunity to file an Amended Complaint which presents a viable claim against any individuals and/or corporate entity. Doc. 4.

On April 13, 2017, Jones filed the Amended Complaint, in which he alleges that the following defendants violated his civil rights: the Coosa County Probate Court; David

Law, an attorney; Renee Murphy; Scotty Frank Jones, personal representative of the Estate; and "Karen Channell/State Farm Insurance Company and their Underwriters for the Bond of William Howard Jones's Estate." Doc. 5, Pl's Amended Comp., p. 2. Specifically, Jones alleges that the defendants violated his constitutional right to due process of law. Upon review of the Amended Complaint, the court concludes that dismissal of the Amended Complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe the plaintiff's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Although a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must contain enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.

Furthermore, once leave to proceed in forma pauperis is granted, section 1915(e)(2) authorizes the court to dismiss a case at any time if it determines that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune. See 28 U.S.C. 1915(e)(2)(B)(i)(ii)&(iii).

An independent examination of the facts as set forth in the Amended Complaint indicate that this court must abstain from considering Jones' claims for injunctive or declaratory relief. Jones' troubles began when his widowed father, William Howard Jones, met Ms. Wright. Jones alleges that Ms. Wright subjected his family to many wrongs. In an affidavit filed in state court, Ms. Wright alleged that she was William Howard Jones' common law wife for fifteen years. Jones disagrees with her characterization of the relationship.

Jones' father passed away on February 8, 2007 at Prattville Baptist Medical Center. Jones alleges that, after the funeral, Ms. Wright changed his father's mailing address in Alexander City to her own address in Prattville and signed the title to his father's vehicles, which were solely in his father's name, after the date of his death. He also alleges that "[t]he mobile home park was in [his] father's name and his deceased wife's name jointly when he met Ms. Murphy[, that his] father was illiterate and [that] after he met Ms. Murphy someone forged Betty Jones' name that had been deceased for numerous years off of the jointly owned property and somehow the property ended up in Renee [Wright] Murphy's name only." Doc. 5, p. 2. The Estate and members of the Jones family filed lawsuits against Ms. Wright which have been in various stages of litigation for the past ten years.

On January 28, 2015, Coosa County Probate Judge Terry Mitchell conducted a hearing on the matter and entered an order in which he found as follows:

(1) Renee Murphy willfully refused to turn over assets of the Estate of William Howard Jones, deceased to the Personal Representative of the estate after repeated requests.

(2) Renee Murphy refused to allow the Personal Representative or his agent to enter upon her property to take possession of the assets of the estate.

(3) Since the decedent's death and until June 30, 2014, Renee Murphy collected rent in the amount of $302,400.00. A portion of said amount was due to be paid to the Estate of William Howard Jones, deceased.

(4) Renee Murphy disposed of mobile homes owned by the Estate without the consent of the Personal Representative or the Court. Said mobile homes had a value of $27,000.00.

(5) Renee Murphy disposed of or caused to be disposed of vehicles belonging to the Estate of William Howard Jones, deceased. Said vehicles had a value of $9,600.00 at the time of the decedent's death.

(6) Renee Murphy continues to collect rent that belongs to the Estate of William Howard Jones, deceased.

Attach. to Doc. 5, Pl's Ex. A. The probate court ordered Ms. Wright to pay $187,800.00 to the Estate within thirty days, turn over all rental payments immediately, and allow Rodney Jones as the personal representative to take possession of all assets of the Estate. *Id*. Plaintiff alleges that Ms. Wright did not appear for a show cause hearing or otherwise comply with the probate judge's order. On March 1, 2017, the probate judge set a hearing for March 28, 2017. Pl's Ex. B. After Ms. Wright's counsel filed a Motion to Continue because her son-in-law was scheduled to undergo heart surgery, the probate

judge granted the Motion and reset the hearing for May 16, 2017. Pl's Exhs. C & E. Thus, the probate issues are currently pending before the court in Coosa County.

Furthermore, to the extent Plaintiff seeks injunctive relief related to the ongoing probate proceedings, the claims are barred under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). There is "'strong federal policy against federal-court interference with pending state judicial proceedings.'" *Williams v. Adkinson*, 792 F.Supp. 755 (M.D. Ala 1992) (abstention doctrine applied in probate case in which federal jurisdiction was not predicated on diversity among the parties), *quoting Middlesex County Ethics Comm. v. Garden*, 457 U.S. 423, 431 (1982). Moreover, it appears that Jones may still raise any federal claims in the proceedings currently pending before the state court. *See Williams v. Adkinson*, 792 F.Supp. 755 (1992).

To the extent Plaintiff asserts that he is entitled to monetary damages, including his share of the proceeds owed to the Estate, pursuant to state law, the probate claims against the defendants do not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986); *Harris v. Birmingham Bd. of Education*, 817 F.2d 1525 (11th Cir. 1987). To the extent Plaintiff asserts that this court should require the state court to enforce its own orders, a § 1983 action is inappropriate to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In addition, the Coosa County Probate Court is not an entity amenable to suit under 42 U.S.C. § 1983. *Coggins v. Tallapoosa County Court*, No. 3:08cv366-TMH, 2008 WL 2568375, at *3 (M.D. Ala. 2008). *See also Stegeman v. Georgia*, 290 Fed.Appx. 320, 322-23 (11th Cir. 2008) (noting claims against probate court were barred by the Eleventh Amendment), *citing Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993). Thus, the claims against the Coosa County Probate Court are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

To the extent the plaintiff requests this court to pursue a criminal investigation or charges against Ms. Wright, this claim fails to rise to the level of a constitutional violation. An essential element of a 42 U.S.C. §1983 action is that the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Conlogue v. Shinbaum*, 949 F.2d 378, 380-81 & n.5 (11th Cir. 1991). A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the action about which the plaintiff complains does not deprive him of any constitutionally protected interest and therefore cannot form the basis for an action brought pursuant to 42 U.S.C § 1983. Thus, the claims against Ms. Wright are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Jones also asserts claims for damages against counsel for the Estate's representative. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law.

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). Law, a local attorney in Rockford, Alabama, is counsel for the representative of the Estate. Clearly, Law is a private citizen. Consequently, Jones' claims against Law are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Coggins*, *supra*.

**CONCLUSION**

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this case should be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before May 16, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of May, 2017.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE